UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JUAN PABLO RIBA,** | CV-F-05-1392 AWI |
| Petitioner, | |
| v. | **ORDER RE: MOTION TO VACATE, SET ASIDE, OR CORRECT THE SENTENCE PURSUANT TO 28 U.S.C. §2255** |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

Pursuant to a plea agreement, Petitioner Juan Pablo Riba plead guilty on March 1, 1999 to one count of 21 U.S.C. §841(a)(1), conspiracy to distribute and possession with intent to distribute a controlled substance. Doc. 23. Petitioner was sentenced to 108 months of imprisonment and 60 months supervised release on May 10, 1999. Doc. 26. Petitioner did not file any direct appeals. He filed his first 28 U.S.C. §2255 motion on December 2, 2002. Doc. 37. The court issued an order to show cause why the motion should not be dismissed as being untimely filed beyond the one year limitations period. Doc. 38. Petitioner filed a response, but was unable to argue any law or facts that demonstrated how his motion was timely filed; the court dismissed the habeas petition as being time barred. Doc. 40.

On November 4, 2005, Petitioner filed a second petition entitled "Motion For Adjustment or Reduction of Sentence." Doc. 41. In reviewing the two petitions, the court finds them to be based on the same legal ground. Both motions argue that the disparate consequences faced by

deportable aliens and U.S. citizens in serving their criminal sentences violate equal protection. In his first motion, Petitioner "justifies this downward departure on grounds that counsel failed to argue that Defendants ineligibility for minimum security confinement, drug program, and pre-release custody as a result of his status as a deportable alien constituted significant mitigating factors that should have been considered by the sentencing court. Defendant asserts that the disparate sentences that result between alien and American inmates as a consequence of immigration detainers lodged automatically in an alien's Bureau of Prisons (BOP) file constitute a violation of equal protection under the law. Const. Amend. 14." Doc. 37, First Petition, at 1-2. In the second motion, Petition argues, "Solely because of the status as a deportable alien, Petitioner's sentence will be served under circumstances more severe than those facing a U.S. citizen under similar circumstances. Unlike U.S. citizens who commit the same crime and are sentenced under identical federal sentencing guidelines, Petitioner will not be eligible to serve Petitioner's sentence in a minimum security facility, serve a portion (i.e. 10%) of Petitioner's sentence in a halfway house, or other community custody programs(s), including but not limited to home confinement, and not be able to receive up to 12-months reduction from Petitioner's sentence for successfully completing the Residential Drug Program Treatment (DAP). Petitioner has the right to receive a reduction of sentence in the range of 6-18 months." Doc. 41, Second Petition, at 3. Petitioner is making the same argument after the court already determined that the statute of limitations has run.

The court is without jurisdiction to entertain the petition as it is a successive habeas petition and Petitioner did not obtain Ninth Circuit permission to file it. Where a first petition is denied as time barred, a second petition on the same grounds is considered a second or successive petition that is subject to the restrictions set out in 28 U.S.C. §2255 and §2244(a). "[T]he dismissal of a § 2255 petition as untimely under AEDPA presents a 'permanent and incurable' bar to federal review of the merits of the claim. The bar is permanent because, unlike cases where a habeas or § 2255 petition is dismissed without prejudice for failure to exhaust or as premature, a time-bar cannot be corrected. Accordingly, we hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits

for successive purposes." Villanueva v. United States, 346 F.3d 55, 61 (2nd Cir. 2003); see also Smith v. Felker, 2008 U.S. Dist. LEXIS 23023, *2-4 (C.D. Cal. Mar. 13, 2008) (same conclusion in Section 2254 context). This requirement applies notwithstanding the ambiguous captioning the Petitioner has used to label his motion. See Brackett v. United States, 206 F. Supp. 2d 183, 187 (D. Mass. 2002) (bar to successive petition when no circuit permission received applies despite characterization of motion as writ of error coram nobis or reconsideration).

    The petition of Juan Pablo Riba to vacate, set aside, or correct the sentence imposed is DENIED and the case is ordered CLOSED.

IT IS SO ORDERED.

**Dated:**   **March 12, 2009**           **/s/ Anthony W. Ishii**
                                            CHIEF UNITED STATES DISTRICT JUDGE